| | | |
|---|---|---|
| Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064 | New York State Office of the Attorney General<br>120 Broadway, 25th Floor<br>New York, NY 10271 | Massachusetts Office of the Attorney General<br>1 Ashburton Place<br>Boston, MA 02108 |

April 12, 2017

**BY ECF**

Hon. Valerie E. Caproni
United States District Judge
United States District Court for the
  Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 240
New York, NY 10007

>   Re: *Exxon Mobil Corp.* v. *Healey & Schneiderman*, 17-cv-02301-VEC

Dear Judge Caproni:

In accordance with the Court's March 30, 2017 Order, the parties respectfully submit this joint status letter summarizing the prior proceedings and the parties' respective positions on the path forward in this litigation.

## Summary of Proceedings

Pursuant to 42 U.S.C. § 1983 and state law, Exxon Mobil Corp. ("ExxonMobil") brought this action against Attorneys General Eric Schneiderman and Maura Healey, in their official capacities, alleging violations of ExxonMobil's constitutional and common law rights.

On June 15, 2016, ExxonMobil filed a complaint for declaratory and injunctive relief and a motion for a preliminary injunction against Massachusetts Attorney General Healey in the United States District Court for the Northern District of Texas. ExxonMobil claimed that Attorney General Healey's issuance to ExxonMobil of a civil investigative demand ("CID"), which stated that it was issued under Mass. Gen. Laws ch. 93A, § 6, violated the First, Fourth, and Fourteenth Amendments to the U.S. Constitution, ran afoul of the Dormant Commerce Clause, and constituted an abuse of process.[1]

On August 8, 2016, Attorney General Healey filed a motion to dismiss the complaint based on lack of personal jurisdiction, lack of ripeness, improper venue, and *Younger* abstention. Opposing the preliminary injunction, Attorney General Healey further argued that ExxonMobil's

---

[1] ExxonMobil filed a petition to set aside or modify the CID in Massachusetts Superior Court the following day. Attorney General Healey cross-moved to compel ExxonMobil's compliance with the CID. In a decision entered on January 12, 2017 (included in ECF No. 173), the Superior Court denied ExxonMobil's challenge to the CID and granted Attorney General Healey's motion to compel. Exxon appealed that decision, and its opening brief is due on May 1, 2017. Pursuant to a tolling agreement between ExxonMobil and the Massachusetts Attorney General, ExxonMobil need not produce any documents during the pendency of litigation in state and federal court.

claims failed on their merits. In response, ExxonMobil argued, *inter alia*, that Attorney General Healey's alleged bad faith rendered *Younger* abstention inappropriate. Judge Kinkeade heard oral argument on ExxonMobil's motion for a preliminary injunction on September 19, 2016.

The court then directed the parties to attempt to settle the case, first among themselves and then with the assistance of a mediator. When those efforts proved unsuccessful, Judge Kinkeade, on October 13, ordered discovery "to aid the Court in deciding whether this law suit should be dismissed on jurisdictional grounds," by probing ExxonMobil's "allegations about Attorney General Healey, [which] if true, may constitute bad faith in issuing the CID which would preclude *Younger* abstention." (ECF No. 73, at 5-6.) Attorney General Healey unsuccessfully sought reconsideration on, *inter alia*, the ground that the court needed to resolve personal jurisdiction before considering abstention. In light of the discovery order, ExxonMobil served party discovery requests on Attorney General Healey's office (including a notice of deposition for Attorney General Healey), and non-party discovery requests on the New York Office of the Attorney General ("NYOAG") (including for the deposition of Attorney General Schneiderman) and on private entities and individuals (including 350.org, the Pawa Law Group, the Rockefeller Brothers Fund, and the Rockefeller Family Fund).

On October 17, ExxonMobil moved to amend its complaint to join New York Attorney General Schneiderman as a defendant and to add preemption and conspiracy claims.[2] Over Attorney General Healey's opposition, Judge Kinkeade permitted amendment. On November 10, ExxonMobil filed its amended complaint seeking equitable relief from a November 2015 Subpoena issued to ExxonMobil (the "2015 Subpoena"). That amended complaint is now pending before this Court.

During a November 16 telephonic court appearance, counsel for the Attorneys General stated that they would not respond to ExxonMobil's discovery requests other than to file timely objections. The next day, Judge Kinkeade directed Attorney General Healey to appear on December 13 for a deposition in Dallas and advised Attorney General Schneiderman to be available as well. Attorney General Healey unsuccessfully moved to vacate the deposition order.

Attorneys General Healey and Schneiderman moved to dismiss ExxonMobil's amended complaint on November 28 and December 5, 2016 respectively. The motions to dismiss were fully briefed on January 6, 2017.

On December 5, 2016, Attorney General Schneiderman moved to quash ExxonMobil's pending discovery demands, in part on the ground that the court must resolve personal jurisdiction before considering abstention. Attorney General Healey separately moved on December 6 for a stay

---

[2] On October 14, 2016, Attorney General Schneiderman filed, in New York Supreme Court (Ostrager, J.), a motion to compel ExxonMobil's independent auditor to produce documents notwithstanding ExxonMobil's claim of accountant-client privilege under Texas law. The motion to compel was granted over ExxonMobil's objection, and that decision is now being reviewed by the First Department, following oral argument on March 21, 2017. In that same proceeding, Attorney General Schneiderman sought to compel ExxonMobil to comply with the 2015 Subpoena. Justice Ostrager denied Attorney General Schneiderman's request to compel production of documents on accounting and oil and gas reserves as beyond the scope of the 2015 Subpoena and imposed deadlines for ExxonMobil to comply with the 2015 Subpoena.

of the proceedings pending appellate review. On December 8, Attorney General Healey petitioned the United States Court of Appeals for the Fifth Circuit for a writ of mandamus. On December 9, Judge Kinkeade denied the motions to quash and for a stay. On that date, Attorney General Schneiderman sought a stay of the district court proceedings in anticipation of also seeking mandamus.

On December 12, Judge Kinkeade cancelled the scheduled deposition of Attorney General Healey and directed the parties to file supplemental briefs on personal jurisdiction. The Fifth Circuit thereafter denied Attorney General Healey's mandamus petition as moot. On December 14, Judge Kinkeade denied as moot Attorney General Healey's motion to dismiss the initial complaint, given ExxonMobil's amendment. The following day, Judge Kinkeade stayed all discovery. The parties filed supplemental briefs on personal jurisdiction on February 1, 2017.

Judge Kinkeade transferred this action to this Court on March 29, 2017.

### Plaintiff's Proposal

As the Attorneys General requested, Judge Kinkeade halted discovery on the bad faith exception to *Younger* abstention so that he could address personal jurisdiction and venue. With those issues now resolved, the Attorneys General's fully briefed motions to dismiss and the attendant questions of subject matter jurisdiction and abstention are the sole issues before this Court. It is therefore appropriate to develop the evidentiary record necessary to determine whether the Attorneys General's bad faith precludes *Younger* abstention.

In the October 13 discovery order, Judge Kinkeade explained that "Attorney General Healey's actions leading up to the issuance of the CID causes the Court concern and presents the Court with the question of whether Attorney General Healey issued the CID with bias or prejudgment about what the investigation of Exxon would discover." (ECF No. 73, at 3-4.) Judge Kinkeade therefore concluded that jurisdictional discovery "needs to be conducted" because if Attorney General Healey "issued the CID in bad faith, then her bad faith precludes *Younger* abstention." (*Id.* at 3.) Judge Kinkeade denied Attorney General Healey's motion for reconsideration of the discovery order (ECF No. 131) and Attorney General Schneiderman's motion to quash ExxonMobil's discovery requests (ECF No. 152). Those rulings permitted discovery necessary to resolve the application of *Younger* abstention to proceed.

Judge Kinkeade's conclusion remains as valid today as it did last fall. In the order transferring this case, Judge Kinkeade expressed concern that the Attorneys General's investigations were means "to further their personal agendas by using the vast power of the government to silence the voices of all those who disagree with them." (ECF No. 180 ("Transfer Order") at 5.) He further observed that, despite their numerous media appearances, "the attorneys general have conveniently cherry picked what they share with the media about their investigations."[3] (*Id.* at 9-10.) After observing that the Attorneys General's efforts to conceal their

---

[3] The cherry-picked disclosures included those made at the press conference for the so-called "AGs United for Clean Power," where both of the Attorneys General and former Vice President Al Gore demonstrated animus for ExxonMobil specifically, as well as traditional energy companies as a whole. A video recording of the press conference can be found

conduct "causes the Court to further question if the attorneys general are trying to hide something," Judge Kinkeade recommended that "[d]iscovery surrounding this refusal [to disclose information] would seem in order." (*Id.* at 8-9.) New York State courts agree. Attorney General Schniederman's refusal to comply with a public-records request for information pertaining to climate change recently caused the New York Supreme Court to award attorney's fees and costs against the Attorney General for "lack[ing] a reasonable basis" to deny the request and "parroting" the statutory exemptions "without any description of the documents." *Competitive Enterprise Institute v. Attorney General of New York*, No. 5050-16, 2016 WL 6989406, at 1-2 (N.Y. Sup. Ct. Albany Cty. Nov. 21, 2016).[4]

Judge Kinkeade's findings also fully comport with the law of this Circuit, which recognizes that complaints challenging state prosecutions should not be dismissed "as barred by *Younger* abstention without holding an evidentiary hearing to resolve factual disputes related to [the plaintiff's] claim that [it is] being prosecuted in bad faith." *Kern v. Clark*, 331 F.3d 9, 10 (2d Cir. 2003). Judge Kinkeade's prior decisions and Second Circuit precedent counsel in favor of lifting the stay on discovery and resolving the parties' dispute over *Younger* abstention on a fully developed evidentiary record.

In the Transfer Order, Judge Kinkeade stated, "The merits of each of Exxon's claims involve important issues that should be determined by a court." (Transfer Order at 2.) To accomplish that purpose, ExxonMobil respectfully requests that this Court lift the stay of discovery and set a schedule for serving and responding to jurisdictional discovery, a process which was already underway prior to the stay's issuance in December.

### Defendants' Proposal

Defendants' motions to dismiss the amended complaint remain pending and should be decided as a threshold matter, following re-briefing under Second Circuit law. *See Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) ("[A] transferee federal court should apply its interpretations of federal law, not the constructions of federal law of the transferor circuit."). Although certain legal defenses (such as venue and personal jurisdiction over Attorney General Schneiderman) no longer apply, other defenses continue to apply following transfer to this Court, including *Younger* abstention; the lack of any actionable injury to ExxonMobil; potential lack of personal jurisdiction over Attorney General Healey; and the amended complaint's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Several developments in the pending state court proceedings in New York and Massachusetts make *Younger* abstention particularly appropriate. These state proceedings indisputably have provided ExxonMobil with "an adequate state forum for all relevant issues." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). Indeed,

---

here: https://ag.ny.gov/press-release/ag-schneiderman-former-vice-president-al-gore-and-coalition-attorneys-general-across.

[4] Other members of the "AGs United for Clean Power" coalition have been similarly obstructive to transparency about their joint efforts. Recently, the Vermont Attorney General's Office admitted that it conducts Google searches of those seeking records on the coalition's activities, and upon learning of the requester's affiliation with "coal or Exxon or whatever," the office "give[s] this some thought . . . before we share information with this entity." https://eelegal.org/wp-content/uploads/2017/04/VTWNCVA15563_3-28-2017.pdf (Tr. 13:22-14:10).

ExxonMobil has never suggested that it would not receive a fair hearing on its constitutional objections in the state forums. Instead, ExxonMobil took the unprecedented step of bypassing both state courts with jurisdiction over these matters and seeking, in a federal court in Texas, to enjoin state law enforcement officers from investigating possible violations of state law.

In light of the ongoing state court proceedings, and the conclusory assertions in ExxonMobil's amended complaint, the Attorneys General should not be subjected to invasive discovery about their ongoing confidential investigations.[5] To the contrary, this Court must not permit ExxonMobil to disrupt either "Attorney General's investigation" any further "by tying up" enforcement staff "and diverting them to their own defense." *Barr v. Abrams*, 641 F. Supp. 547, 554 (S.D.N.Y. 1986) (Leval, J.), *aff'd*, 810 F.2d 358 (2d Cir. 1987).

*New York State Court Proceedings.* The NYOAG issued its subpoena to ExxonMobil on November 4, 2015. ExxonMobil complied with the 2015 Subpoena for almost a year, producing over one million pages in response thereto before seeking to amend its complaint in this action to add the New York Attorney General as a defendant. In its many appearances and filings in New York state court, ExxonMobil has never once raised any constitutional objection to the NYOAG's investigation or the 2015 Subpoena or moved to quash the subpoena in any way. Instead, ExxonMobil has unequivocally stated that the NYOAG has "the right to conduct th[is] investigation," NYSECF No. 42, at 33,[6] and ExxonMobil repeatedly has "agreed to complete a reasonable production" of documents responsive to the 2015 Subpoena, NYSECF No. 101, at 2, most recently by March 31, 2017. The New York court (Ostrager, J.) ordered ExxonMobil to certify by April 10 that it had completed its production with regard to the 2015 Subpoena. Given these events, and the near-completion of ExxonMobil's document production pursuant to the 2015 Subpoena, the continued maintenance of this federal action seeking to enjoin enforcement of the 2015 Subpoena serves no purpose and lacks an objectively reasonable basis.

*Massachusetts State Court Proceedings.* On January 11, 2017, the Massachusetts Superior Court denied ExxonMobil's challenge to the CID and granted Attorney General Healey's motion to compel in a 14-page order (included in ECF No. 173). The order followed the court's consideration of extensive legal briefs with over one hundred exhibits and factual affidavits, nearly two hours of oral argument in Boston, and numerous post-argument factual and legal submissions. The court ruled that it has personal jurisdiction over ExxonMobil in Massachusetts and—on virtually the same record before this Court—found ExxonMobil's constitutional and other objections to the CID to be without merit, including the assertions that the CID was politically motivated and that the Attorney General's public statements evinced bias and prejudgment. In particular, the court found that those comments merely "identified the basis for her belief that Exxon may have violated [Mass. Gen. Laws ch.] 93A" (Order at 12)—a belief the Attorney General is legally required to hold prior to opening an investigation under Massachusetts law. ExxonMobil has since appealed to the Massachusetts Appeals Court, and its initial brief is due on May 1, 2017.

---

[5] Insofar as Judge Kinkeade's stayed "jurisdictional discovery" order has any continuing relevance, it should be vacated. Among other things, it was issued in furtherance of resolving a motion that is no longer pending—Attorney General Healey's motion to dismiss the complaint, which was dismissed as moot given ExxonMobil's amendment.

[6] "NYSECF" refers to the publicly accessible online docket in *People v. PricewaterhouseCoopers LLC & Exxon Mobil Corp.*, Index No. 451962/2016 (Sup. Ct. N.Y. County).

Respectfully submitted,


_Theodore V. Wells, Jr. /pob_
Theodore V. Wells, Jr.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3089
twells@paulweiss.com
*Counsel for Plaintiff Exxon Mobil Corporation*


_Richard A. Johnston /pb_
Richard A. Johnston (pro hac vice pending)
Chief Legal Counsel
Massachusetts Attorney General's Office
1 Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2028
richard.johnston@state.ma.us
*Counsel for Defendant Maura T. Healey*


_S. Jason Brown /pb_
S. Jason Brown
Chief Deputy Attorney General
New York State Office of the Attorney General
120 Broadway, 25th Floor
New York, NY 10271
jason.brown@ag.ny.gov
*Counsel for Defendant Eric T. Schneiderman*