IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br><br>    *Plaintiff,*<br><br>v.<br><br>ERIC TRADD SCHNEIDERMAN, Attorney General of New York, in his official capacity, and MAURA TRACY HEALEY, Attorney General of Massachusetts, in her official capacity,<br><br>    *Defendants.* | No. 1:17-cv-02301-VEC |

**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN OPPOSITION TO DEFENDANTS' RENEWED MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## INTRODUCTION

Plaintiff Exxon Mobil Corporation filed the case at bar to challenge, on constitutional grounds, the issuance, validity, and enforcement of two civil administrative subpoenas: a civil investigative demand ("CID") issued by the Attorney General of Massachusetts and a subpoena issued by the Attorney General of New York (collectively, "Defendants"). Massachusetts issued the CID and New York issued the subpoena pursuant to Defendants' consumer protection and deceptive trade practice authority. Proposed *amici curiae* aver that the CID and subpoena are an attempt to establish and enforce a singular climate change viewpoint despite the fact that climate change is the subject of an ongoing international debate and far from settled.

This case was transferred from the United States District Court for the Northern District of Texas. Proposed *amici curiae* filed a motion for leave to file a brief as *amici curiae* on April 19, 2017. ECF No. 196. The Court did not rule on that motion, and subsequently denied without prejudice Defendants' pending motions to dismiss. ECF No. 198. The Court then permitted Defendants to renew their motions to dismiss on the following grounds (1) personal jurisdiction, (2) ripeness, (3) abstention pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and (4) preclusion. *Id*. The Court instructed Defendants to file their motions by May 19, with Plaintiff's response due June 16, 2017. *Id*. Proposed *amici curiae* withdrew their prior motion (ECF No. 229 withdrawing Nos. 196 & 197), and now file this motion only a week after Plaintiff filed its response to Defendants' motions to dismiss.

Pursuant to Local Civil Rule 7.1, proposed *amici curiae* request leave to file a brief in support of Plaintiff and in opposition to Defendants' renewed motions to dismiss. Plaintiff consents to the motion; Defendant Healey and Defendant Schneiderman take no position.

## ARGUMENT

Although the Court does not have specific rules governing *amicus* briefs, Federal Rule of Appellate Procedure 29(b) provides an appropriate analogy. Under Rule 29(b), a movant must (1) explain its interest, (2) the reason why an *amicus* brief is desirable, and (3) why the matters asserted are relevant to the case. As set forth below, proposed *amici curiae* will provide value to this case by bringing relevant matters to the Court's attention that are not already discussed by the parties.

Proposed *amici curiae* are represented by Ken Paxton, Attorney General of Texas. The Texas Constitution requires the Attorney General to represent Texas "in all suits and pleas . . . and from time to time, in the name of the [Texas], take such action in the courts as may be proper and necessary . . . and perform such other duties as may be required by law." Tex. Const. art. IV, § 22; *see also Brady v. Brooks*, 89 S.W. 1052 (Tex. 1905). Attorney General Paxton is joined by attorneys general from many other jurisdictions. Though not parties, the proposed *amici curiae* recognize and seek to defend the significant constitutional issues implicated by the investigative actions initiated by Defendants.

Attorneys General have broad authority to conduct investigations. However, such investigations are generally constrained by the requirement of a "reasonable belief" that there has been, is or is about to be, unlawful false, misleading, or deceptive acts or practices. *See, e.g.*, Tex. Bus. & Com. Code §§ 17.46, 17.47, 17.60, 17.61.

No attorney general should abuse the investigative powers of his or her office to censor a particular viewpoint, particularly when it involves issues which are the subject of an ongoing international public policy debate and scientific inquiry. Regardless of what one believes about global warming and climate change, no one's views should be silenced. Thus, "investigative" actions by government authorities designed to silence dissenters, chill the expression of contrary opinions, shut down further scientific research, and close the debate are unlawful.

The Attorneys General of Massachusetts and New York are investigating Plaintiff's *opinions* on the issue of climate change and those with whom they communicate about this subject. While vocal assaults from politicians, universities, professional societies, journalists, and others are a natural part of the discourse that accompanies free expression, the actions by Defendants are of a different ilk. Here, these law enforcement officers are using power to attack a company for expressing opinions, or asking questions, unpopular within their office or political constituency.

Plaintiff alleges that the subpoena and CIDs violate its rights under Articles One and Six of the United States Constitution and the First, Fourth, and Fourteenth Amendments. ECF No. 100 ¶¶ 105–128. Proposed *amici curiae* will share a perspective different from that of Defendants on the nature of the power being employed, the correct use of CIDs and subpoenas, and where the boundaries of government power end and the protections of the First Amendment begin. Proposed *amici curiae* will also address abstention and contend that the bad faith exception to the abstention doctrine articulated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), as well as *Younger v. Harris*, 401 U.S. 37 (1971), also prevent the Court from dismissing the First Amended Complaint.

## CONCLUSION

For the foregoing reasons, the motion for leave to file a brief as *amici curiae* should be granted.

Respectfully submitted this the 23rd day of June, 2017.

| | |
|---|---|
| JEFF LANDRY<br>Attorney General of Louisiana | KEN PAXTON<br>Attorney General of Texas |
| ALAN WILSON<br>Attorney General of South Carolina | JEFFREY C. MATEER<br>First Assistant Attorney General |
| STEVE MARSHALL<br>Attorney General of Alabama | BRANTLEY D. STARR<br>Deputy First Assistant Attorney General |
| BILL SCHUETTE<br>Attorney General of Michigan | MICHAEL C. TOTH<br>Special Counsel to the First Assistant Attorney General |
| BRAD SCHIMEL<br>Attorney General of Wisconsin | AUSTIN R. NIMOCKS**<br>Associate Deputy Attorney General |
| DOUG PETERSON<br>Attorney General of Nebraska | */s/ Andrew D. Leonie*<br>ANDREW D. LEONIE*<br>Associate Deputy Attorney General<br>Texas Bar No. 12216500<br>andrew.leonie@oag.texas.gov |
| MIKE HUNTER<br>Attorney General of Oklahoma | |
| SEAN REYES<br>Attorney General of Utah | DAVID J. HACKER**<br>Senior Counsel |
| LESLIE RUTLEDGE<br>Attorney General of Arkansas | JOEL STONEDALE<br>Counsel |
| ADAM PAUL LAXALT<br>Attorney General of Nevada | Office of Special Litigation<br>ATTORNEY GENERAL OF TEXAS<br>P.O. Box 12548, Mail Code 009<br>Austin, Texas 78711-2548<br>Tel: 512-936-1414<br>Fax: 512-936-0545 |
| CURTIS T. HILL, JR.<br>Attorney General of Indiana | |

*Admitted *pro hac vice*.
**Application for admission *pro hac vice* submitted.

*ATTORNEYS FOR PROPOSED AMICI CURIAE*

## CERTIFICATE OF SERVICE

  I hereby certify that on the 23rd day of June 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which I understand to have caused service on all counsel of record.

            */s/ Andrew D. Leonie*
            Andrew D. Leonie