

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/11/2017

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **LEONID GOLDSTEIN** <br> *Applicant-Plaintiff-Intervenor* <br><br> v. <br><br> **MAURA TRACY HEALEY**, Attorney General of Massachusetts, in her official capacity, <br><br> *Defendant* | CIVIL CASE NO. <br><br> **4:16-CV-469-K** |

## REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO INTERVENE

On October 23, 2016, the Applicant filed a Motion to Intervene (#87), accompanied by a Complaint against the Defendant Maura Healey in her official capacity as Attorney General of Massachusetts.

The Motion requested a leave to intervene by right under Rule 24(a), and stated the Applicant's specific, concrete, personalized, and legally protected interest in the case, recognized as the Applicant's rights under the Constitution, Article I, Article II, the First Amendment, and the Fifth Amendment. The Motion also stated that the Applicant was unrelated to the Plaintiff ExxonMobil, and the Applicant's substantial interest was not represented.  Whether the Applicant's interest is unique or similar in every detail to the interests of millions of Americans (as the Applicant maintains) has no bearing on the Applicant's right to intervene under Rule 24(a).

1

Even the first case cited in the Defendant's Opposition clearly shows that the Applicant should be granted intervention as of right. In *Texas v. United States*, 805 F.3d 653 (5th Cir. 2015), several states sued the federal government over a DHS program named "Deferred Action for Parents of Americans and Lawful Permanent Residents," and the three applicants-intervenors had shared interest with thousands (possibly hundreds of thousands) of other individuals. Further, the applicants-intervenors were present in the United States illegally and requested intervention as Jane Does. Nevertheless, the Court of Appeals clearly recognized that they were "entitled to intervene by right" and granted them leave to intervene. Some quotes from that decision:

*Id* at 657 ("Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed," and "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained.")

*Id* at 658-59 ("For example, in *League of United Latin American Citizens, District 19 v. City of Boerne,* 659 F.3d 421 (5th Cir.2011), we held that an intervenor had a 'legally protectable interest' where he sought to protect 'his right to vote in elections to choose all five city council members.' *Id.* at 434. The intervenor was not seeking to protect a property interest, but his interest in vindicating his own personal right to vote was sufficiently concrete and specific to support intervention.")

*Id* at 659 ("Moreover, although an asserted interest must be 'legally protectable,' it need not be legally *enforceable.* In other words, an interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor does not have an enforceable legal entitlement or would not have standing to pursue her own claim. For example, in *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 537, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972), the Supreme Court held that a union member was entitled to intervene by right in a suit brought by the Secretary of Labor to invalidate an election of union officers, even though federal law prohibited the union member from initiating his own suit. Another example is *Black Fire Fighters Ass'n of Dallas v. City of Dallas,* 19 F.3d 992, 994 (5th Cir.1994), in which the city of Dallas entered into a consent decree with an employee group …")

Another case cited by the Defendant, *Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197 (1st Cir. 1998) ("That principle is dispositive here for the Grouped Appellants' theory of economic interest operates at too high a level of generality"), is not even close to the point. And by citing *New Orleans Pub.*

2

*Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452 (5th Cir. 1984), and suggesting that the Applicant's rights under the Constitution are not direct, substantial, or legally protectable, MA AG Healey showed her true colors.

The "generalized preference" and the ideological and precedential reasons are defects of the investigation by the Defendant AG Healey, not of the Motion to Intervene by the Applicant. It was not the Applicant, but the Defendant and other speakers at the AGs United for Clean Power conference who baldly alleged fanciful and irrelevant conspiracy theories. These conspiracy theories (like "everyone from President Obama on down is under a relentless assault from well-funded, highly aggressive and morally vacant forces"[1]), combined with pseudo-science and spiced up with medieval "weather cooking" superstitions, became the excuse for the Defendant to start this phony investigation and to commit other illegal and unconstitutional actions against the Applicant (as well as other victims).

By filing the discussed Opposition (#93) to the Applicant's Motion to Intervene, the Defendant accepted the jurisdiction and venue of this Court in this case.

## CONCLUSION

The Court should grant the intervention as requested.

/s/ Leonid Goldstein

Leonid Goldstein, *pro se*

12501 Tech Ridge Blvd., #1535

Austin, TX 78753

(408) 921-1110

ah@defyccc.com

3

---

Application DENIED. Rule 24(a) provides for intervention as of right upon a timely motion demonstrating an interest that may be impaired by disposition of the case and which is not adequately protected by the existing litigants. Brennan v. N.Y.C. Bd. of Educ., 260 F.3d 123, 128-29 (2d Cir. 2001). The intervenor's interest must be a "'direct, substantial, and legally protectable' interest in the subject matter of the action.'" United States v. City of New York, 198 F.3d 360, 365 (2d Cir. 1999) (quoting Washington Elec. Coop. Inc. v. Mass. Mun. Elec. Co., 922 F.2d 92, 96 (2d Cir. 1990)). Intervenor has not satisfied this standard. He has no personal stake in this litigation and the generalized interest that he has articulated is collateral and would likely delay the proceedings. The Clerk of the Court is directed to close the open motion at docket entry 87.

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

9/11/2017

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2016, I caused the foregoing document to be electronically transmitted to the Clerk of the Court using the ECF system for filing. A Notice of Electronic Filing was transmitted to all ECF registrants.

/s/ Leonid Goldstein

Leonid Goldstein, *pro se*
