UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br><br>       Plaintiff,<br><br>  v.<br><br>ERIC TRADD SCHNEIDERMAN, Attorney General of New York, in his official capacity, and MAURA TRACY HEALEY, Attorney General of Massachusetts, in her official capacity,<br><br>       Defendants. | No. 17-CV-2301 (VEC) (SN) |

**EXXON MOBIL CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064

**HAYNES & BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Tel: (214) 651-5579

**CANTEY HANGER LLP**
600 W. 6th St. #300
Fort Worth, TX 76102
Tel: (817) 877-2800

*Counsel for Exxon Mobil Corporation*

# TABLE OF CONTENTS

                                                                      **Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PROCEDURAL HISTORY ..................................................................................................1

FACTUAL DEVELOPMENTS ............................................................................................2

ARGUMENT .........................................................................................................................3

       A.       The Requested Amendment Furthers the Interest of Justice. ..................................4

       B.       The Requested Amendment Will Not Unduly Prejudice the Defendants ................5

       C.       The Requested Amendment Is Not Unduly Delayed ................................................6

       D.       The Amendment Is Not Sought in Bad Faith or with a Dilatory Motive. ................7

       E.       The Proposed Amendment Is Not Futile. .................................................................8

CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abbatiello* v. *Monsanto Co.*,
　571 F. Supp. 2d 548 (S.D.N.Y. 2008) ............................................................................... 6

*AEP Energy Servs. Gas Holding Co.* v. *Bank of Am., N.A.*,
　626 F.3d 699 (2d Cir. 2010) ............................................................................................. 5

*Assam* v. *Deer Park Spring Water, Inc.*,
　163 F.R.D. 400 (E.D.N.Y. 1995) ...................................................................................... 4

*Block* v. *First Blood Assocs.*,
　988 F.2d 344 (2d Cir. 1993) ............................................................................................. 4

*Clark* v. *Dematic Corp.*,
　No. 5:14-CV-750, 2014 WL 6387166 (N.D.N.Y. Nov. 14, 2014) .................................... 4

*DeWan* v. *Seideman*,
　No. 17-cv-1315 (ER), 2017 WL 6048816 (S.D.N.Y. Dec. 5, 2017) ................................. 5

*Gracia* v. *City of N.Y.*,
　No. 16-CV-7329 (VEC), 2017 WL 4286319 (S.D.N.Y. Sept. 26, 2017) .......................... 6

*United States ex rel. Hayes* v. *Allstate Ins. Co.*,
　686 F. App'x 23 (2d Cir. 2017) ........................................................................................ 7

*Intersource, Inc.* v. *Kidder Peabody & Co. Inc.*,
　No. 90-cv-7389 (PKL), 1992 WL 369918 (S.D.N.Y. Nov. 20, 1992) .............................. 7

*Lehman Bros. Commercial Corp.* v. *Minmetals Int'l Non-Ferrous Metals Trading Co.*,
　No. 94 CIV. 8301 (JFK), 1996 WL 346426 (S.D.N.Y. June 25, 1996) ............................ 7

*Panther Partners Inc.* v. *Ikanos Commc'ns, Inc.*,
　681 F.3d 114 (2d Cir. 2012) ............................................................................................. 8

*Pasternack* v. *Shrader*,
　863 F.3d 162 (2d Cir. 2017) ......................................................................................... 5, 6

*Presbyterian Church Of Sudan* v. *Talisman Energy, Inc.*,
　582 F.3d 244 (2d Cir. 2009) ............................................................................................. 7

*Ricciuti* v. *N.Y.C. Transit Auth.*,
　941 F.2d 119 (2d Cir. 1991) ............................................................................................. 3

*Richardson Greenshields Sec., Inc.* v. *Lau*,
   825 F.2d 647 (2d Cir. 1987)..................................................................................................6

*Shiah Yih Indus. Co.* v. *Sitco Importing Co.*,
   No. 96 CIV. 0356, 1997 WL 304903 (S.D.N.Y. June 5, 1997)..................................................4

*State Teachers Ret. Bd.* v. *Fluor Corp.*,
   654 F.2d 843 (2d Cir. 1981)..............................................................................................5, 8

*Twahir* v. *Vill. Care of New York, Inc.*,
   No. 10 CIV. 9452, 2011 WL 2893466 (S.D.N.Y. July 12, 2011) .............................................3

*Williams* v. *Citigroup Inc.*,
   659 F.3d 208 (2d Cir. 2011)..................................................................................................3

### OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6)..................................................................................................2, 8

Fed. R. Civ. P. 15(a) ...................................................................................................1, 3

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff Exxon Mobil Corporation ("ExxonMobil") respectfully submits this brief in support of its motion for leave to file a Second Amended Complaint ("SAC").[1] Over a year has passed since ExxonMobil filed its First Amended Complaint ("FAC") in the United States District Court for the Northern District of Texas. During that time, additional documentary evidence has come to light that further supports ExxonMobil's claims, and the New York Attorney General has continued to exercise state power in violation of ExxonMobil's rights. Accordingly, ExxonMobil seeks leave to file an amended complaint that includes allegations based on those developments and conforms the requested relief to the claims presented.

## PROCEDURAL HISTORY

On June 15, 2016, ExxonMobil commenced this action against Massachusetts Attorney General Maura Healey, seeking declaratory and injunctive relief from a pretextual investigation that violates ExxonMobil's rights under the United States and Texas Constitutions. The action was filed in the United States District Court for the Northern District of Texas and assigned to the Honorable Ed Kinkeade. Motions for a preliminary injunction and to dismiss the complaint were fully briefed but later denied without prejudice, with the motion for a preliminary injunction being denied as moot.

On October 17, 2016, ExxonMobil moved to file an amended complaint that joined New York Attorney General Eric Schneiderman as a defendant and added conspiracy and preemption claims. Judge Kinkeade granted that motion on November 10, 2016, and the FAC was filed that same day. Attorneys General Schneiderman and Healey (the "Attorneys General") filed motions to dismiss the FAC, and those motions were dismissed without prejudice on April 24, 2017.

---

[1] A copy of the proposed Second Amended Complaint is filed with this brief as Exhibit A, and a copy of the proposed Appendix of Exhibits in support of the Second Amended Complaint is filed as Exhibit B. A comparison of the proposed Second Amended Complaint to the First Amended Complaint is filed as Exhibit C.

Judge Kinkeade ordered jurisdictional discovery on October 13, 2016 but stayed that order on December 15, 2016. No substantive discovery was obtained prior to the stay.

On March 29, 2017, Judge Kinkeade transferred this case to the United States District Court for the Southern District of New York. Since that time, discovery has remained stayed and the parties have submitted briefs supporting and opposing dismissal on ripeness, abstention, jurisdiction, and preclusion grounds. Briefing is now underway on the Attorneys General's motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## **FACTUAL DEVELOPMENTS**

In the year since the FAC was filed, additional documentary evidence has come to light that further supports ExxonMobil's claims. This additional evidence is outlined below, along with references to passages in the proposed SAC containing corresponding factual allegations:

- Following their participation in the La Jolla workshop, which urged state attorneys general to burden energy companies with investigations that would "maintain[] pressure on the industry that could eventually lead to its support for legislative and regulatory responses to global warming," Matthew Pawa, Peter Frumhoff, and Naomi Oreskes lobbied state attorneys general, including Attorney General Schneiderman, to carry out their agenda. (SAC ¶¶ 45–47, 53.)

- Attorney General Schneiderman contacted billionaire activist Tom Steyer about campaign support in connection with his investigation of ExxonMobil. Attorney General Schneiderman sent an email to Steyer's scheduler just days after subpoenaing ExxonMobil and later sent a message "regarding support for his race for governor . . . regarding Exxon case." (SAC ¶ 51.)

- Public records were released showing that the Rockefeller Family Fund (the "Fund") repeatedly communicated with the New York Attorney General's Office about the investigation of ExxonMobil before the Fund's January 2016 meeting about "delegitimiz[ing]" ExxonMobil "as a political actor." (SAC ¶¶ 52–56.)

- The director of the Fund admitted, in December 2016, that the Fund had financed the so-called investigative journalism that the Attorneys General have used as a pretext for investigating ExxonMobil. (SAC ¶ 57.)

- Attorney General Schneiderman and the Vermont Attorney General, another member of the Green 20, have worked to improperly conceal records related to their coalition's investigations of ExxonMobil. The New York Supreme Court rebuked Attorney General Schneiderman's "lack [of] a reasonable basis" for withholding documents in response to a public records request for documents related to the attorneys general's common interest agreement. Likewise, a Vermont court has ordered the release of emails circulated among the state attorneys general's offices, with litigation revealing that the Vermont Attorney General's office conceded the political motives behind its efforts to prevent public records disclosures. (SAC ¶¶ 62–68.)

- Attorney General Schneiderman's investigative theory has shifted yet again—to a focus on impairment of ExxonMobil's assets. (SAC ¶¶ 7, 94.)

In addition, Attorney General Schneiderman has continued to burden ExxonMobil with additional document and testimonial subpoenas, all pursuant to the agenda laid out by the special interests at La Jolla and the Attorneys General in the press conference. The presiding judge in the New York State court proceeding has characterized one of those subpoenas as "way beyond proportionality." (SAC ¶¶ 83–86.)

## ARGUMENT

In light of the developments in the year since the FAC was filed, ExxonMobil seeks leave to file the proposed SAC. Under Rule 15(a) of the Federal Rules of Civil Procedure, a court "should freely give leave" to amend a complaint "when justice so requires." That permissive standard for granting leave to amend promotes a "strong preference for resolving disputes on the merits." *Williams* v. *Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (internal quotation marks omitted). Under that standard, leave to amend "should ordinarily be granted," and "it is rare that such leave should be denied." *Ricciuti* v. *N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). Leave to amend can be denied only where it is sought in "bad faith or [with] dilatory motive," where it will prejudice the defendant, where there has been "repeated failure to cure deficiencies," or if amendment would be futile. *See, e.g.*, *Twahir* v. *Vill. Care of New York, Inc.*, No. 10 CIV. 9452, 2011 WL 2893466, at *1 (S.D.N.Y. July 12, 2011) (quoting *Foman* v. *Davis*,

371 U.S. 178, 182 (1962)); *Shiah Yih Indus. Co.* v. *Sitco Importing Co.*, No. 96 CIV. 0356, 1997 WL 304903, at *1–*4 (S.D.N.Y. June 5, 1997). Mere delay or the burdens of litigation caused by amendment do not, without more, furnish grounds to deny leave to amend. *See Block* v. *First Blood Assocs.*, 988 F.2d 344, 350–51 (2d Cir. 1993). Where, as here, defendants will have an "opportunity to respond to the proposed amended complaint" and the court may consider "the merits of the motion[s] [to dismiss] in light of the amended complaint," granting leave to amend is particularly warranted. *Clark* v. *Dematic Corp.*, No. 5:14-CV-750, 2014 WL 6387166, at *1–2 (N.D.N.Y. Nov. 14, 2014) (internal quotation marks and citations omitted).

      A.      **The Requested Amendment Furthers the Interest of Justice.**

ExxonMobil seeks leave to amend its complaint to include additional allegations of fact and to conform the requested relief to the claims presented. These amendments are in the interest of justice because they will provide this Court with additional factual allegations to consider when determining whether ExxonMobil has adequately stated claims for relief. Many of these facts have come to light only in the past year, while the FAC has been pending but no discovery taken. They provide complementary support to the facts already alleged in the FAC and help to fill in details that were unknown at the time the FAC was filed. Amending the requested relief so that it extends to the entirety of the Attorneys General's investigations, rather than any particular instrument issued as part of the investigations, will ensure that the relief ExxonMobil formally requests in the complaint is commensurate with the claims presented. All of these amendments will further the well-recognized policy interest of having cases "resolved upon the merits" rather than dismissed due to "procedural technicalities."[2] *Assam* v. *Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995). Justice requires that leave to amend

---

[2] Even if leave to amend is not granted, the factual allegations in the FAC are sufficient to state a claim upon which relief can be granted. ExxonMobil seeks leave to amend simply to provide additional factual allegations for the Court's consideration.

4

be granted.

### B. The Requested Amendment Will Not Unduly Prejudice the Defendants.

Granting ExxonMobil leave to amend will not cause unfair prejudice to the Defendants in light of the absence of any progress to date on discovery and the opportunity Defendants will have to address the new allegations proposed in the SAC. A defendant is prejudiced by an amendment only when it would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co.* v. *Bank of Am., N.A.*, 626 F.3d 699, 725–26 (2d Cir. 2010) (citation and internal quotation marks omitted). Undue prejudice may arise, for example, when "an amendment [comes] on the eve of trial and would result in new problems of proof." *State Teachers Ret. Bd.* v. *Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see also DeWan* v. *Seideman*, No. 17-cv-1315 (ER), 2017 WL 6048816, at *5 (S.D.N.Y. Dec. 5, 2017).

This case is far from the "eve of trial." No trial date has been set; summary judgment motions have not been scheduled, much less filed; and no discovery has been exchanged. The posture of this case ensures that Defendants will have ample opportunity to consider and address any new allegations presented in the SAC. And since no discovery has been had, Defendants cannot be heard to complain about any "additional" discovery that might result from the proposed amendments.

The pendency of this case for well over a year does not counsel against granting leave to amend. And the previous expense of resources to litigate a case—even over *several* years—does not, without more, create undue prejudice or bar amendment. *Pasternack* v. *Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). As explained in *Pasternack,* it is improper to deny amendment of a complaint, even after a motion to dismiss has been decided, on grounds of delay and expense. *Id.* While the parties here have repeatedly briefed motions to dismiss, none of those motions

have even been decided.

Further, many of the new proposed allegations are based on facts that ExxonMobil has included in previous court filings. *See, e.g.*, Dkt. 228 at 7 (discussion of documents from New York Attorney General's office that came to light after the filing of the FAC). These facts further develop a narrative that ExxonMobil has plainly stated in other submissions. They represent additional proof of the same core allegations, not proof of a new class of allegations. Defendants will not be prejudiced by having to address factual assertions of which they have been made previously aware.

### C. The Requested Amendment Is Not Unduly Delayed.

ExxonMobil cannot be faulted for undue delay in seeking leave to amend the FAC. Similar to the undue prejudice analysis, courts in this Circuit have found that parties did not unduly delay their request for leave when they filed their motion prior to discovery. *See, e.g.*, *Pasternack*, 863 F.3d at 174; *Gracia* v. *City of N.Y.*, No. 16-CV-7329 (VEC), 2017 WL 4286319, at *2 (S.D.N.Y. Sept. 26, 2017). Courts have also declined to find undue delay when a party seeks to provide further support for its claims based on additional facts, even if the request is made years after the original complaint was filed. *See, e.g.*, *Richardson Greenshields Sec., Inc.* v. *Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (collecting cases). Granting leave to amend is particularly appropriate where new facts have come to light after the original pleading has been filed. *See Abbatiello* v. *Monsanto Co.*, 571 F. Supp. 2d 548, 552–53 (S.D.N.Y. 2008) (granting leave to amend complaint that includes facts about which plaintiffs now have "a better understanding").

Here, ExxonMobil's proposed amended complaint is timely because discovery has not yet begun in this action and because the amendment seeks to add new factual allegations that came to light after the November 2016 filing of the FAC. Indeed, several of these facts became

public only in the last two months.  For example, pursuant to a December 2017 court order, the Vermont Attorney General's Office recently produced emails detailing Matthew Pawa's efforts to influence the coalition of state attorneys general through emails he sent to "AG Folks" on the topic of climate change.  (SAC ¶ 68.)  In addition, in November 2017, an article was published revealing that Pawa had drafted a memorandum for Tom Steyer's group, NextGen America, encouraging public nuisance litigation against ExxonMobil and other energy companies and displaying an ulterior motive of litigating just to "obtain[] industry documents."  (SAC ¶¶ 48–50.)  Other public records, released only in December 2017, show that Pawa has been engaged on a contingency basis by the City of San Francisco in its suit against ExxonMobil.  (SAC ¶ 49.)  ExxonMobil's application for leave to amend comes only weeks after the latest facts probative of the Attorneys General's conspiracy surfaced.

### D. The Amendment Is Not Sought in Bad Faith or with a Dilatory Motive.

ExxonMobil's proposed amendment is not sought in bad faith or with a dilatory motive.  Courts have declined to find bad faith or dilatory motive when an amendment is based on the discovery of new facts.  *See, e.g.*, *Lehman Bros. Commercial Corp.* v. *Minmetals Int'l Non-Ferrous Metals Trading Co.*, No. 94 CIV. 8301 (JFK), 1996 WL 346426, at *2 (S.D.N.Y. June 25, 1996); *Intersource, Inc.* v. *Kidder Peabody & Co. Inc.*, No. 90-cv-7389 (PKL), 1992 WL 369918, at *3 (S.D.N.Y. Nov. 20, 1992).  In contrast, bad faith may be found when a party fails to follow a court's instructions when filing an amended complaint.  *See, e.g.*, *Presbyterian Church Of Sudan* v. *Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009) (finding bad faith when plaintiff sought leave to amend "three years after the deadline for amendment specified in the scheduling order").  Bad faith can also be found where a party engages in improper behavior in court, such as making knowing misrepresentations in a prior pleading.  *See, e.g.*, *United States ex rel. Hayes* v. *Allstate Ins. Co.*, 686 F. App'x 23, 27–28 (2d Cir. 2017).

Here, ExxonMobil seeks to file its proposed SAC in good faith in order to further support its claims, including with facts discovered since the filing of the FAC. The Second Circuit has found that even a three-year delay in moving to amend a complaint, where new factual bases for claims have come to light, does not support a finding of bad faith. *See Fluor Corp.*, 654 F.2d at 856. ExxonMobil also seeks to conform the relief requested in the complaint to the claims presented by expressly seeking an injunction of the Attorneys General's investigations.[3] This relief is particularly appropriate in light of Attorney General Schneiderman's issuance of additional subpoenas after the filing of the FAC. Because this action has not yet proceeded to discovery and remains at the motion to dismiss phase, these amendments cannot be disparaged as an improper means to delay resolution of this matter.

### E. The Proposed Amendment Is Not Futile.

As the additional allegations contained in the proposed SAC further support ExxonMobil's well-pleaded claims, the amended complaint is not futile. A proposed amendment is futile only if it fails to state a claim under Rule 12(b)(6). *See Panther Partners Inc.* v. *Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). When determining whether an amended complaint states a claim, a court must (i) consider the proposed amendments and the remainder of the complaint, (ii) "accept as true all non-conclusory factual allegations therein," and (iii) "draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Id.*

The proposed amendments here would not be futile because they provide further detailed factual allegations concerning ExxonMobil's claim that the Attorneys General are engaged in a

---

[3] ExxonMobil proposes this amendment in part to clarify a concern raised by the Court during oral argument on November 30, 2017. (Nov. 30, 2017 Tr. 52.)

8

conspiracy to violate ExxonMobil's constitutional rights.[4] First, the new allegations show that Matthew Pawa, Naomi Oreskes and Peter Frumhoff lobbied state attorneys general, including Attorney General Schneiderman, to use their investigatory powers to pressure energy companies to embrace favored "legislative and regulatory responses to global warming." (SAC ¶¶ 45–47, 53.) Second, public records were released showing that the Rockefeller Family Fund communicated repeatedly with the New York Attorney General's Office before and after the Fund had organized a meeting about "delegitimiz[ing] [ExxonMobil] as a political actor." (SAC ¶¶ 52–56.) Third, the director of the Fund admitted that the Fund financed the so-called investigative journalism that the Attorneys General have used as a pretext for their investigation. (SAC ¶ 57.) Fourth, public reporting has shown that Attorney General Schneiderman contacted billionaire Tom Steyer around the time his office issued the November 2015 subpoena to ExxonMobil, including about campaign support where Schneiderman specifically referenced his investigation of ExxonMobil. (SAC ¶ 51.) Fifth, state courts have ordered the New York and Vermont Attorney General's Offices to release records related to the improper investigation of ExxonMobil after coordinated attempts to conceal these records. (SAC ¶¶ 62–68.) Finally, Attorney General Schneiderman has yet again shifted his purported theory for investigating ExxonMobil to a focus on impairment of ExxonMobil's assets. (SAC ¶¶ 7, 94.) These additional factual allegations provide further support for ExxonMobil's claims and are probative of a conspiracy by the Attorneys General to use state power to violate ExxonMobil's constitutional rights.

---

[4] Because the FAC is sufficient in its own right, this motion cannot be futile. ExxonMobil seeks leave simply to supplement the factual allegations in a complaint that already states a claim upon which relief can be granted.

## **CONCLUSION**

ExxonMobil's motion for leave to amend should be granted.

Dated: January 12, 2018

EXXON MOBIL CORPORATION

By: /s/ Theodore V. Wells, Jr.
Theodore V. Wells, Jr.
twells@paulweiss.com
Daniel J. Toal
dtoal@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000
Fax: (212) 757-3990

Justin Anderson
janderson@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
2001 K Street, NW
Washington, D.C. 20006-1047
(202) 223-7300
Fax: (202) 223-7420

Patrick J. Conlon
patrick.j.conlon@exxonmobil.com
Daniel E. Bolia (*pro hac vice*)
daniel.e.bolia@exxonmobil.com
1301 Fannin Street
Houston, TX 77002
(832) 624-6336

Nina Cortell (*pro hac vice*)
nina.cortell@haynesboone.com
HAYNES & BOONE, LLP
2323 Victory Avenue
Suite 700
Dallas, TX 75219
(214) 651-5579
Fax: (214) 200-0411

Ralph H. Duggins (*pro hac vice*)
rduggins@canteyhanger.com
Philip A. Vickers (*pro hac vice*)
pvickers@canteyhanger.com
CANTEY HANGER LLP
600 West 6th Street, Suite 300
Fort Worth, TX 76102
(817) 877-2800
Fax: (817) 877-2807

*Counsel for Exxon Mobil Corporation*