UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br><br>    Plaintiff,<br><br> -against-<br><br>ERIC TRADD SCHNEIDERMAN, Attorney General of New York, in his official capacity, and MAURA TRACY HEALEY, Attorney General of Massachusetts, in her official capacity,<br><br>    Defendants. | No. 17-CV-2301 (VEC) (SN)<br><br>ECF Case |

**OPPOSITION OF ATTORNEY GENERAL MAURA HEALEY TO
EXXON MOBIL CORPORATION'S MOTION FOR LEAVE TO FILE
A SECOND AMENDED COMPLAINT**

MAURA HEALEY
ATTORNEY GENERAL OF
MASSACHUSETTS

OFFICE OF THE ATTORNEY GENERAL
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 727-2200

## I. INTRODUCTION

Despite having had more than a year and a half—and a previous opportunity—to repair through amendment the infirmities apparent on the face of its original complaint against Attorney General Healey, Exxon Mobil Corporation ("Exxon") again moves the Court for leave to amend, brazenly on the very day it submitted its *sixth* brief in opposition to dismissal of this lawsuit. Yet even with its considerable resources and the luxury of time, all Exxon has to offer in its proposed Second Amended Complaint are old, irrelevant news stories packaged as "new evidence" and still another dose of invective and innuendo—virtually none of which even mentions Attorney General Healey.[1]

Federal Rule of Civil Procedure 15(a)(2) states that the Court should grant leave to amend a pleading "when justice so requires." It is hard to imagine how justice could require leave to amend here. Exxon's proposed amendments are, yet again, futile and largely based on information available to it at the outset of the litigation. Exxon's motion to amend amounts to nothing more than a desperate attempt to further delay the inevitable dismissal of this vexatious litigation. Like Exxon's First Amended Complaint and the original Complaint before it, the Second Amended Complaint fails to allege a plausible or cognizable claim.[2] With those three strikes, Exxon should be out. The Massachusetts Superior Court has already determined, in a

---

[1] Exxon nonchalantly states that this last-ditch effort is "simply to provide additional factual allegations for the Court's consideration." Exxon's Memorandum of Law in Support of its Motion for Leave to File a Second Amended Complaint, Doc. No. 251 ("Mem") at 4, n.2.

[2] *See* Memorandum of Law in Support of Motion to Dismiss Complaint, Doc. No. 42; Reply Memorandum of Law in Support of Motion to Dismiss Complaint, Doc. No. 65 ("Compl. Rep."); Memorandum of Law in Support of Motion to Dismiss First Amended Complaint, Doc. No. 125 ("FAC Mem."); Reply Memorandum in Support of Motion to Dismiss First Amended Complaint, Doc. No. 169 ("FAC Rep."); Memorandum of Law in Support of Renewed Motion to Dismiss First Amended Complaint, Doc. No. 217 ("Ren. Mem."); Reply Memorandum of Law in Support of Renewed Motion to Dismiss First Amended Complaint, Doc. No. 233 ("Ren. Rep."); Supplemental Memorandum of Law in Support of Renewed Motion to Dismiss First Amended Complaint, Doc. No. 246 ("Supp. Mem."); and Supplemental Reply Memorandum of Law in Support of Renewed Motion to Dismiss First Amended Complaint ("Supplemental Reply" or "Supp. Rep."), Doc. No. 253.

binding final judgment that has preclusive effect on the claims and issues raised by Exxon in each iteration of its complaint, that Attorney General Healey's investigation is proper and authorized by the law of the Commonwealth. *See In Re Civil Investigative Demand No. 2016-EPD*-36, No. 2016-1888-F, 2017 WL 627305 (Mass. Super. Jan. 11, 2017); *see also Temple of the Lost Sheep, Inc. v. Abrams*, 930 F.2d 178, at 183-84 (2d Cir. 1991); Ren. Mem. 8-14. Because Exxon cannot satisfy the requirements of Federal Rule of Civil Procedure 15(a)(2), the Court should deny Exxon's motion to amend with prejudice.

## II. ARGUMENT

### A. THIS COURT SHOULD DENY EXXON LEAVE TO AMEND BECAUSE ITS PROPOSED AMENDMENTS ARE FUTILE.

It is settled law that a court may deny leave to amend if the proposed amendment would be "futile." *Cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . futility of amendment . . . the leave sought should, as the rules require, be 'freely given.'"). "Proposed amendments are futile, and thus must be denied, if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 252 (2d Cir. 2017) (internal quotation marks and citation omitted).

Exxon itself describes the Second Amended Complaint's proposed amendments in its Memorandum of Law in Support of its Motion for Leave to File a Second Amended Complaint. Mem. at 2-3; 8-9. As explained in Attorney General Healey's Supplemental Reply, Exxon's proposed revisions as described fail either to cure the facial deficiencies of its First Amended Complaint or to allege any new, plausible, or cognizable claims against Attorney General Healey. As such, Exxon's request for leave to amend should be denied.

First and foremost, none of Exxon's proposed amendments does anything to "nudge[]" Exxon's core claims—that Attorney General Healey is engaged in a conspiracy to violate Exxon's federal constitutional rights—"'across the line from conceivable to plausible,'" so as to enable the Second Amended Complaint to meet the pleading requirements of Rule 8(a). *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Supp. Mem. at 7-17; Supp. Rep. at 3-9; *see also* FAC Mem. at 22-25; FAC Rep. at 8-10; Compl. Rep. at 1-3. Indeed, Exxon's own accounting of its proposed amendments *does not even mention Attorney General Healey*, and the first proposed addition Exxon describes relates to a meeting that took place more than *two years before* she was even *elected* Attorney General. *See* Mem. at 2-3; SAC at ¶¶ 44-45. The Second Amended Complaint offers little more than a further embellishment of the insufficient legal conclusions and conclusory allegations that make up Exxon's First Amended Complaint—adding to the growing cast of characters in Exxon's increasingly implausible conspiracy theory, yet failing to allege any facts that in any way link these individuals and groups to Attorney General Healey. *See Twombly*, 550 U.S. at 556 ("[A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice."). Exxon's current, third attempted pleading, like those before it, falls far "short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted); *see also In re Nokia Oyj (Nokia Corp.) Sec. Litig.*, 423 F. Supp. 2d 364, 410 (S.D.N.Y. 2006) (denying leave to amend when "Plaintiffs' putative second Amended Complaint would only include more of the same conclusory allegations").[3]

---

[3] Tellingly, the Second Amended Complaint now includes recriminations regarding the "so-called" and "supposed investigative journalism" of the *Los Angeles Times* and *InsideClimate News* (which was a Pulitzer Prize finalist for its work), based on an allegation that the work was funded by the Rockefeller Family Fund—despite the fact that the reporting relied on Exxon's own internal documents (which Exxon does not deny). SAC at ¶ 57.

Likewise, none of Exxon's proposed amendments in the Second Amended Complaint either "cure[s] prior deficiencies" in Exxon's remaining claims or otherwise "state[s] a claim under Rule 12(b)(6)," any more than the First Amended Complaint or Exxon's original Complaint before it. *Tannerite*, 864 F.3d at 252 (internal quotation marks and citation omitted). The Second Amended Complaint still alleges that the Attorney General's civil investigative demand "effectively regulate[s] [Exxon's] out-of-state speech" in violation of the Dormant Commerce Clause, SAC at ¶ 146, even though it is settled law that administrative subpoenas do not regulate speech. *See* Supp. Mem. at 17-18.[4] Similarly, the Second Amended Complaint cannot change the fact that federal law does not preempt actions by state authorities to protect investors from deception and fraud, *see* Supp. Mem. at 18, and Exxon has failed in briefing to identify any authority to the contrary. *See* Supp. Rep. at 10. Likewise, the Second Amended Complaint does not—and cannot—help Exxon's state law claims clear the bar of the Eleventh Amendment, which prohibits lawsuits in federal court against state officials based on alleged violations of state law. *See* Supp. Mem. at 18-19; Supp. Rep. at 10-11. Nor does the Second Amended Complaint allege any new facts or claims that would cure the First Amended Complaint's fatal preclusion, abstention, ripeness, or personal jurisdiction flaws. *See* Ren. Mem. at 1, 8-25; Ren. Rep. at 2-10.

Because the Second Amended Complaint would still fail to survive a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Exxon's motion for leave to amend should be denied. *See Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d

---

[4] Moreover, Exxon has conceded elsewhere that subpoenas do not directly regulate speech, undermining its own prima facie case. *See* Exxon's Opposition to Motion to Dismiss the Amended Complaint, Doc. No. 249, at 22 ("[Exxon] does not allege that Attorney General Schneiderman's subpoenas are an instrument of direct regulation of speech."); *see also* Supp. Rep. at 10.

Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied.").[5]

## B. EXXON'S MOTION FOR LEAVE TO AMEND REFLECTS A DILATORY MOTIVE.

Courts deny a movant leave to amend a complaint when the movant has unduly delayed seeking such leave. *See, e.g.*, *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) ("The court plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant."); *see also Vine v. Beneficial Fin. Co.*, 374 F.2d 627, 636 (2d Cir. 1967) (affirming denial of leave to amend for "undue delay, bad faith, or dilatory motive" when "new information alleged in the complaint was within plaintiff's knowledge before argument of the motion to dismiss the first amended complaint"). Here, while Exxon claims the additions in the Second Amended Complaint result from "additional documentary evidence [that] has come to light," Mem. at 1, a quick glance at the dates on the new exhibits in the Second Amended Complaint's appendix (prefixed with an "S") reveals that much of the new material was available in public sources—from the websites of news outlets like CNN and the *New York Daily News*, government agencies, and Twitter—months and years ago. *See* SAC Appendix, Doc. No. 252-2, at viii-xvii. Thus, the Second Amended Complaint has little to do with new "facts [that] have come to light only in the past year," Mem. at 4, but rather fits into a larger pattern of bad faith delay, stretching back to Exxon's initiation of this vexatious litigation.[6] Because the Second

---

[5] Indeed, even if this Court grants Exxon's request for leave to amend, the Court should dismiss Exxon's Second Amended Complaint, for the reasons set forth in Attorney General Healey's briefs in support of her Renewed Motion to Dismiss Exxon's First Amended Complaint. *See* Doc. Nos. 217, 233, 246, and 253. The inconsequential changes Exxon proposes in the Second Amended Complaint do nothing to cure the deficiencies identified in the briefs.

[6] *See* Opposition of Attorney General Healey to Exxon's Motion for Leave to File a First Amended Complaint, Doc. No. 94, at 1-7; 12-17.

5

Amended Complaint serves only as a gambit "in hopes of having yet a third bite of the proverbial apple," the Court should deny Exxon's motion for leave to amend. *In re Merrill Lynch & Co., Inc.*, 273 F. Supp. 2d 351, 391 (S.D.N.Y. 2003), *aff'd sub nom. Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005) (citing *Vine*, *supra*).

### III. CONCLUSION

For the foregoing reasons, the Court should deny Exxon's motion for leave to file a Second Amended Complaint. Further, where Attorney General Healey's fully-briefed arguments for dismissal apply equally to the Second Amended Complaint, the Court should dismiss, without further briefing, whether or not amendment is allowed.[7]

---

[7] *See BHC Interim Funding, L.P. v. Finantra Capital, Inc.*, 283 F. Supp. 2d 968, 972 (S.D.N.Y. 2003).

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL OF
MASSACHUSETTS

By her attorneys:

/s/ Peter C. Mulcahy
Richard Johnston (*pro hac vice*)
Chief Legal Counsel
richard.johnston@state.ma.us
Melissa A. Hoffer (*pro hac vice*)
Chief, Energy and Environment Bureau
melissa.hoffer@state.ma.us
Christophe G. Courchesne (*pro hac vice*)
Chief, Environmental Protection Division
christophe.courchesne@state.ma.us
I. Andrew Goldberg
andy.goldberg@state.ma.us
Peter C. Mulcahy (*pro hac vice*)
peter.mulcahy@state.ma.us
Assistant Attorneys General
OFFICE OF THE ATTORNEY GENERAL
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 727-2200

Dated: January 25, 2018