```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
   EXXON MOBIL CORPORATION,                                        :
                                                                   :   No. 17-CV-2301 (VEC) (SN)
                                      Plaintiff,                   :
                                                                   :
                    -against-                                      :   ECF Case
                                                                   :
   ERIC TRADD SCHNEIDERMAN, Attorney General                       :
   of New York, in his official capacity, and MAURA                :
   TRACY HEALEY, Attorney General of                               :
   Massachusetts, in her official capacity,                        :
                                                                   :
                                      Defendants.                  :
------------------------------------------------------------------ X
```

**OPPOSITION OF THE NEW YORK ATTORNEY GENERAL
TO EXXON'S MOTION FOR LEAVE TO FILE
A SECOND AMENDED COMPLAINT**

## PRELIMINARY STATEMENT

Plaintiff Exxon Mobil Corp. (Exxon) filed this lawsuit in the Northern District of Texas a year and a half ago, seeking to block state investigative requests into whether certain of Exxon's disclosures to investors and consumers relating to climate change have complied with state law. Since then, the case has generated twenty briefs in support of or opposing dismissal; additional rounds of briefing on Exxon's purported right to take discovery of its investigators; four court conferences, including two oral arguments; a court-directed mediation; a mandamus petition; and an order granting Exxon leave to file a First Amended Complaint.

After defendants submitted the most recent round of court-invited briefing on how the operative pleading fails to state a claim, Exxon responded with an unannounced motion under Federal Rule of Civil Procedure 15(a)(2) for leave to file yet another amended complaint. Rather than deposit this matter back at square one, the Court should deny Exxon's motion.

## ARGUMENT

Although a district court should grant leave to amend a complaint "when justice so requires," Fed. R. Civ. P. 15(a)(2), the "court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). In any of the latter circumstances, leave to amend "should generally be denied." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (quotation marks omitted). Here, the Court should reject Exxon's proposed complaint because amendment would be futile, unduly prejudicial, and untimely.

*First*, further amendment of the complaint would serve no meaningful purpose. A district court should deny leave to amend as futile "if the proposed amendment fails to state a legally cognizable claim." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726

(2d Cir. 2010). So it is here, where Exxon proposes to amplify "the same core allegations" regarding the "claim that the Attorneys General are engaged in a conspiracy" in violation of 42 U.S.C. § 1985(3). *See* Exxon's Mem. in Support of Mot. for Leave to Amend (Mot.) at 6, 8–9, ECF No. 251. As demonstrated in the NYOAG's recently filed reply brief—incorporated by reference—binding decisional law forecloses Exxon's federal conspiracy theory. *See* ECF No. 254, at 5–8; *see also United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 838 (1983) (concluding that § 1985(3) does not "reach conspiracies motivated by economic or commercial animus"); *Gleason v. McBride*, 869 F.2d 688, 695 (2d Cir. 1989) (holding that purported "political opponent[s] of the defendants" do not form protected class under § 1985(3)). In addition, Exxon's proposed submission fails to fill the operative complaint's many First Amendment pleading blanks—such as by specifying the *protected* speech that the NYOAG allegedly has targeted, restricted, or chilled. *See, e.g.*, *Exelis*, 824 F.3d at 28–29 (affirming rejection of second amended complaint where, as here, plaintiff "was fully aware of [defendant's] challenges to his pleading" but failed "to cure the deficiencies"); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 506 (2d Cir. 2014) (same).

*Second*, the filing of yet another complaint in this case would unduly prejudice defendants. In arguing otherwise, Exxon suggests that defendants will have "ample opportunity to consider and address any new allegations." Mot. at 5. Yet the timing of Exxon's motion seems calculated to burden defendants and waste resources. By consenting to a briefing schedule that did not contemplate a second amended complaint, and then incorporating that unannounced pleading into its opposition brief, Exxon gave defendants only a week to "consider and address any new allegations" in formulating a reply. And allowing that tactic to prolong this action would entail more than routine "litigation expense." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017).

Instead, it would continue to divert the attention and public resources of a pair of State Attorneys General, one of whom was previously forced to seek mandamus to avoid being personally deposed by Exxon in the Texas venue in which this unorthodox action was improperly commenced. Nor should Exxon be permitted to keep this litigation indefinitely at the pleading stage by relying on post-filing media accounts and public-records requests by nonparties (*see* Mot. at 2–3, 6–7), especially when none of those sources has revealed information sufficient to state a viable claim for relief. "At some point, litigation must come to an end. That point has now been reached." *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1042 (9th Cir. 2011).

*Third*, Exxon's proposed amendment also should be rejected for undue delay. Although Exxon cites the NYOAG's "issuance of additional subpoenas" as grounds for further amendment (Mot. at 8), Exxon moved in New York State court to quash many of those subpoenas nearly a year ago (*see* Appendix (App.) 317–347, ECF No. 235). That court upheld the NYOAG's right to issue the subpoenas in furtherance of its investigation, and permitted the NYOAG to examine five subpoenaed witnesses (*see* App. 492–493, 524); Exxon "agreed to immediately" produce the remaining subpoenaed witnesses, with "no objection" (App. 462). And the state court either enforced or held in abeyance all of the requests in the NYOAG's second subpoena for documents and information, which Exxon challenged as having a "political motivation" (App. 405); being "overbroad, burdensome and oppressive" (App. 419); and "attempting to pursue matters preempted by the SEC" (App. 340). It is unclear how a later-arising federal complaint could properly challenge any adverse state court rulings, *see Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005), which Exxon declined to appeal in the state court system. Indeed, if Exxon believed that these challenges instead belonged in federal court, then nothing (in theory) prevented Exxon from raising them here at the outset, as it now belatedly tries to do. *See McCarthy*,

3

482 F.3d at 202 (affirming denial of amendment where, as here, plaintiff learned of "possible" claim "more than seven months before moving to amend"). Nor do the NYOAG's additional demands—objections to which Exxon has waived or raised elsewhere—provide a basis for the "huge" change in requested relief of seeking to enjoin the NYOAG's investigation. Nov. 30, 2017 Hr'g Tr. at 52; *see* Mot. at 8.

## **CONCLUSION**

The Court should deny Exxon's application for leave to file a proposed second amended complaint.

Dated:    New York, NY
             January 25, 2018

>Respectfully submitted,
>
>ERIC T. SCHNEIDERMAN
>  *Attorney General of the*
>  *State of New York*
>
>By:    /s/ Eric Del Pozo
>       Leslie B. Dubeck
>        *Counsel to the Attorney General*
>       Eric Del Pozo
>        *Assistant Solicitor General*
>       120 Broadway, 25th Floor
>       New York, NY 10271
>       eric.delpozo@ag.ny.gov
>       (212) 416-6167