**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL   (1946-1956)
SIMON H. RIFKIND   (1950-1995)
LOUIS S. WEISS     (1927-1950)
JOHN F. WHARTON    (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(202) 223-7321

WRITER'S DIRECT FACSIMILE

(202) 204-7393

WRITER'S DIRECT E-MAIL ADDRESS

janderson@paulweiss.com

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU, CHAOYANG DISTRICT
BEIJING 100020, PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

PARTNERS RESIDENT IN WASHINGTON

DAVID J. BALL                ROBERTO J. GONZALEZ
J. STEVEN BAUGHMAN           JONATHAN S. KANTER
CRAIG A. BENSON              MARK F. MENDELSOHN
JOSEPH J. BIAL               JANE B. O'BRIEN
PATRICK S. CAMPBELL          ALEX YOUNG K. OH
ANDREW J. FORMAN             CHARLES F. "RICK" RULE
KENNETH A. GALLO

PARTNERS NOT RESIDENT IN WASHINGTON

MATTHEW W. ABBOTT*           BRAD S. KARP*
EDWARD T. ACKERMAN*          PATRICK N. KARSNITZ*
JACOB A. ADLERSTEIN*         JOHN C. KENNEDY*
ALLAN J. ARFFA*              BRIAN KIM*
ROBERT A. ATKINS*            KYLE J. KIMPLER*
SCOTT A. BARSHAY*            DAVID M. KLEIN*
PAUL M. BASTA*               ALAN W. KORNBERG
JOHN F. BAUGHMAN*            DANIEL J. KRAMER*
LYNN B. BAYARD*              DAVID K. LAKHDHIR
MITCHELL L. BERG*            STEPHEN P. LAMB*
MARK S. BERGMAN              JOHN E. LANGE*
DAVID M. BERNICK*            GREGORY F. LAUFER*
BRUCE BIRENBOIM*             BRIAN C. LAVIN*
H. CHRISTOPHER BOEHNING*     XIAOYU GREG LIU*
ANGELO BONVINO*              JEFFREY D. MARELL*
DAVID W. BROWN*              MARCO V. MASOTTI*
SUSANNA M. BUERGEL*          EDWIN S. MAYNARD*
JESSICA S. CAREY*            DAVID W. MAYO*
JEANETTE K. CHAN*            ELIZABETH R. McCOLM*
GEOFFREY R. CHEPIGA*         ALVARO MEMBRILLERA*
ELLEN N. CHING*              CLAUDINE MEREDITH-GOUJON*
WILLIAM A. CLAREMAN*         WILLIAM B. MICHAEL*
LEWIS R. CLAYTON             JUDIE NG SHORTELL*
YAHONNES CLEARY*             CATHERINE NYARADY*
JAY COHEN                    BRAD R. OKUN*
KELLEY A. CORNISH*           KELLEY D. PARKER*
CHRISTOPHER J. CUMMINGS*     LINDSAY B. PARKS*
THOMAS V. DE LA BASTIDE III* VALERIE E. RADWANER*
ARIEL J. DECKELBAUM*         CARL L. REISNER*
ALICE BELISLE EATON*         LORIN L. REISNER*
ANDREW J. EHRLICH*           WALTER G. RICCIARDI*
GREGORY A. EZRING*           WALTER RIEMAN*
LESLIE GORDON FAGEN          RICHARD A. ROSEN*
ROSS A. FIELDSTON*           ANDREW N. ROSENBERG*
BRAD J. FINKELSTEIN*         JACQUELINE P. RUBIN*
BRIAN P. FINNEGAN*           RAPHAEL M. RUSSO*
ROBERTO FINZI                ELIZABETH M. SACKSTEDER*
PETER E. FISCH*              JEFFREY D. SAFERSTEIN*
ROBERT C. FLEDER*            JEFFREY B. SAMUELS*
MARTIN FLUMENBAUM            DALE M. SARRO
ANDREW J. FOLEY*             TERRY E. SCHIMEK*
HARRIS B. FREIDUS*           KENNETH M. SCHNEIDER*
MANUEL S. FREY*              ROBERT B. SCHUMER*
ANDREW L. GAINES*            JOHN M. SCOTT*
MICHAEL E. GERTZMAN*         DAVID R. SICULAR*
ADAM M. GIVERTZ*             MOSES SILVERMAN
SALVATORE GOGLIORMELLA*      AUDRA J. SOLOWAY*
NEIL GOLDMAN*                SCOTT M. SONTAG*
CATHERINE L. GOODALL*        TARUN M. STEWART*
ERIC GOODISON*               ERIC ALAN STONE*
CHARLES H. GOOGE, JR.*       AIDAN SYNNOTT*
ANDREW G. GORDON*            RICHARD C. TARLOWE*
BRIAN S. GRIEVE*             MONICA K. THURMOND*
UDI GROFMAN*                 DANIEL J. TOAL*
NICHOLAS GROOMBRIDGE*        LIZA M. VELAZQUEZ*
BRUCE A. GUTENPLAN*          RAMY J. WAHBEH*
GAINES GWATHMEY, III*        LAWRENCE G. WEE*
ALAN S. HALPERIN*            THEODORE V. WELLS, JR.
JUSTIN G. HAMILL*            STEVEN J. WILLIAMS*
CLAUDIA HAMMERMAN*           LAWRENCE I. WITDORCHIC*
BRIAN S. HERMANN*            MARK B. WLAZLO*
MICHELE HIRSHMAN*            JULIA T.M. WOOD
MICHAEL S. HONG*             JENNIFER H. WU*
DAVID S. HUNTINGTON*         BETTY YAP*
AMRAN HUSSEIN*               JORDAN E. YARETT*
LORETTA A. IPPOLITO*         KAYE N. YOSHINO*
JAREN JANGHORBANI*           TONG YU*
BRIAN M. JANSON*             TRACEY A. ZACCONE*
JEH C. JOHNSON               TAURIE M. ZEITZER*
MEREDITH J. KANE*            T. ROBERT ZOCHOWSKI, JR.*

*NOT AN ACTIVE MEMBER OF THE DC BAR

February 22, 2018

**BY ECF**

Hon. Valerie E. Caproni
United States District Judge
United States District Court for the
    Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Room 240
New York, NY 10007

    Re:    *Exxon Mobil Corp.* v. *Healey & Schneiderman*, 17-cv-2301-VEC

Dear Judge Caproni:

    We write on behalf of Exxon Mobil Corporation ("ExxonMobil") to respond to the New York Attorney General's ("NYAG") February 16, 2018 letter, which alerted this Court to the Second Circuit's recent decision in *Citizens United* v. *Schneiderman*, No. 16-3310 (2d Cir. Feb. 15, 2018). (ECF No. 263.) Far from supporting the NYAG's position in this litigation, *Citizens United* shows why the NYAG is wrong to urge the summary dismissal of ExxonMobil's First Amendment claims. *Citizens United* reaffirms the well-settled proposition that viewpoint discrimination, of

the sort ExxonMobil has alleged here, is subject to the highest level of scrutiny under the Constitution. The claims at issue in *Citizens United*, which pertained to the enforcement of a content-neutral disclosure scheme, did not involve viewpoint discrimination and were accordingly reviewed under a less exacting standard. Nothing about the analysis in or holding of *Citizens United* supports the relief the NYAG seeks here.

The plaintiffs in *Citizens United* brought facial and as-applied challenges under the First Amendment to a "content-neutral" disclosure requirement that charitable organizations identify their donors in annual submissions. *Citizens United*, slip op. at 8, 29. Because the challenged regulations were not "content-based" and did not "discriminate among speakers," the Second Circuit applied only the "lower degree" of intermediate scrutiny when it rejected that First Amendment claim. *Id.* at 15. Intermediate scrutiny is not appropriate in this case, however, because ExxonMobil has alleged that the Attorneys General took adverse action against it because of ExxonMobil's viewpoint on climate policy. As the Second Circuit reiterated in *Citizens United*, courts must apply "strict scrutiny in First Amendment cases" where, as ExxonMobil has alleged here, the government targets "particular speech because of the topic discussed or the idea or message expressed'" or to "prevent[ ] expression from disfavored speakers." *Id.* at 14. Claims of overt viewpoint discrimination go to the heart of the First Amendment and raise far different questions than those applicable to content-neutral regulations.

The NYAG is also wrong to suggest that ExxonMobil's detailed allegations of the Attorneys General's bias are somehow similar to those presented in *Citizens United*, which the Second Circuit faulted for being a "bare assertion that the Attorney General has a vendetta." NYAG Ltr. 2 (quoting *Citizens United*, slip op. at 24). Far from being a "bare assertion," ExxonMobil's pleadings contain plausible and specific factual allegations of the Attorneys General's intent to engage in viewpoint discrimination, as demonstrated by their statements to the public, the investigatory instruments they issued, and the closed-door meetings and communications among and between members of the "Green 20" and private interests. (ECF No. 249 at 3-9.) And while the Second Circuit recognized that "the First Amendment does not *prevent* anti-fraud enforcement," *Citizens United*, slip op. at 24 n.4 (emphasis added), its balancing of competing interests under intermediate scrutiny lends no support to the NYAG's suggestion that it may extinguish any First Amendment concerns by "[s]imply labeling an action one for 'fraud,'" *Illinois ex rel. Madigan* v. *Telemarketing Assocs.*, 538 U.S. 600, 617 (2003).

Finally, *Citizens United* confirmed that this case is ripe for review. As the Second Circuit held, "[b]ecause the dispute presents legal questions and there is a concrete dispute between the parties, the issues are fit for judicial decision." *Citizens United*, slip op. at 32. Rejecting arguments mirroring those previously advanced by the Attorneys General (ECF No. 217 at 22; ECF No. 220 at 13–14), the Second Circuit found "no reason to require the parties to go through these further formalities in order to

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

determine whether issuance of" of the challenged instruments "was legitimate." *Id.* at 33. The same should apply here.

        Respectfully submitted,

        s/ Justin Anderson
        Justin Anderson

cc:    Counsel of record (by ECF)