UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EXXON MOBIL CORPORATION,                          :
                                                                               :
                          Plaintiff,                          :         No. 17-CV-2301 (VEC) (SN)
                                                                               :
      -against-                                               :
                                                                               :         ECF Case
                                                                               :
ERIC TRADD SCHNEIDERMAN, Attorney     :
General of New York, in his official capacity, and  :     **DECLARATION OF**
MAURA TRACY HEALEY, Attorney General of   :     **MARCO SIMONS**
Massachusetts, in her official capacity,               :
                                                                               :
                         Defendants.                      :
-------------------------------------------------------------------X

I, Marco Simons, declare as follows:

1.      I am an attorney and member of the bars of the states of Washington (on inactive status) and California and of the District of Columbia, as well as of the U.S. Supreme Court, the U.S. Courts of Appeals for the D.C., Fourth, Ninth, and Eleventh Circuits, and several U.S. district courts. I am the General Counsel of EarthRights International (ERI), and counsel for subpoenaed non-party Carroll Muffett. The facts stated herein are based on my personal knowledge. If called upon to do so I could and would competently testify thereto.

2.      On November, 9, 2016, Carroll Muffett received a Fed. R. Civ. P. 45 non-party subpoena issued by the Northern District of Texas on behalf of Exxon Mobil Corporation in Civil Action No. 4:16-CV-469-K, *Exxon Mobil Corporation v. Maura Tracey Healey, Attorney General of Massachusetts*. A true and correct copy of that subpoena is attached hereto as Exhibit 1.

3.      On November 17, 2016, EarthRights International began representing Mr. Muffett with respect to the subpoena, and on November 23, 2016, I sent Carroll Muffett's Responses and Objections to Plaintiff's Subpoena to Produce Documents, Information, or Objects via electronic mail to Justin Anderson, counsel for Exxon Mobil.

4. Mr. Muffett objected to the subpoena request on a number of grounds, including that it is calculated to intimidate and harass him from engaging in transparency advocacy, subjects him to an undue burden for being overly broad and vague, is irrelevant, that the production requests are not tailored to the jurisdictional discovery order, and that it infringes on his First Amendment rights and other privileges that may apply, including government privileges and research privileges.

5. Mr. Anderson and I conferred via phone conference on December 9, 2016. We did not reach agreement over whether documents would be produced or how requests would be narrowed, and the call concluded with items to follow-up on.

6. Before Mr. Anderson and I scheduled another opportunity to meet and confer, Judge Kinkeade of the Northern District of Texas ordered that all discovery be stayed pending further order from the court, and subsequently transferred the case to the Southern District of New York.

7. On April 10, 2018, after the Court dismissed the case, I emailed Mr. Anderson regarding the subpoena to Mr. Muffett and to other clients, seeking Exxon's "position as to whether [the] subpoenas are dead" following the Court's ruling. This was the first point of contact between Mr. Anderson and me regarding the subpoena issued to Mr. Muffett since the December 9, 2016, meet and confer phone conference.

8. Mr. Anderson responded on April 13, 2018, that "the time to appeal the court's decision ha[d] not yet run, so it would be premature to take a position on that ruling's ultimate effect on the subpoenas."

9. Two days later, I emailed Mr. Anderson to say: "I understand from your email that Exxon is not withdrawing from the subpoenas and believes that they are still active in some fashion; if not, please let me know[.]"

10. I did not receive a response from Mr. Anderson, and on April 20, 2018, I sent him a follow-up email asking him to "[p]lease let me know by the end of the day whether you will agree either to

withdraw the subpoenas or that they are void."

11.     Mr. Anderson responded by email that same day, but did not offer to withdraw the subpoena to Mr. Muffett or agree that it was now void. He stated in part: "We have done nothing more than respond to your periodic inquiries about the legal significance of events you are capable of evaluating for yourself. Another such event occurred earlier today when we filed a notice of appeal in the SDNY, seeking further review in the Second Circuit. We reserve all rights to respond appropriately under Rule 11 or otherwise to any frivolous motions you might choose to file."

12.     I responded by email minutes later, stating: "We're just trying to get a straight answer about whether you believe that the subpoenas retain any viability. Our clients deserve to have clarity on this point."

13.     Since my last email of April 20, 2018, I have not received a response from Mr. Anderson.

I declare under penalty of perjury that the foregoing is true and correct.

Signed in Washington, DC, on the 25th day of May 2018.

By:

/s/ MARCO SIMONS
Marco Simons